## MUTCHERSON v. STEPHENSON-CLARKE, Ltd., et al.
### No. 47912.

Circuit Court, Hillsborough County.

April 4, 1967.

Roger Vaughan and Tony Cunningham of Wagner, Cunningham & Vaughan, Tampa, for plaintiff.

Brendan P. O'Sullivan of Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, for Stephenson-Clarke, Ltd., defendant and third party plaintiff.

David Kadyk and Daniel Gallagher of Macfarlane, Ferguson, Allison & Kelly, Tampa, for Pate Stevedoring Co., third party defendant.

JAMES S. MOODY, Circuit Judge.

This cause came on to be heard upon motion for judgment non obstante veredicto and motion for new trial filed by the plaintiff. The court heard argument of counsel for the respective parties.

The plaintiff, on his motion for new trial, announced that counsel desired the court to consider only objection no. 15.

Both motions having been duly considered by the court, the court is of the opinion that it erred in instructing the jury that whether or not a vessel is seaworthy, that is, reasonably fit for the safety of persons aboard, is determined by the prevailing usage or custom in the maritime trade in unloading cargo of the type in question, and further charging —

> "If you find from the evidence that Pate Stevedoring Company methods and equipment used in unloading the *Blanchland* were the proper accepted customary manner and means of unloading newsprint at that time in the maritime industry, then you must find the vessel seaworthy and said defendant not guilty of any negligence. On the other hand, if you find to the contrary, you should find for the plaintiff."

It is noted, the court later in its instructions limited the custom in the industry to the port of Tampa and other ports of this general area.

The court is now of the opinion that the court should have charged that custom usage in the industry is evidence which may be considered in determining whether or not a vessel was reasonably fit for the safety of persons aboard — but that such usage and custom is not *the* standard in determining the seaworthiness of the vessel in this particular case.

In consideration thereof, it is ordered and adjudged that the motion for judgment non obstante veredicto is denied, the motion for new trial is granted, and that a new trial shall be held upon the issue of liability and damages, if any.